MURPHY v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Fifth Circuit. May 6, 1902.)

No. 1,138.

APPEAL—FINDINGS OF MASTER—REVIEW.

Findings of fact by special master are conclusive on appeal, there being some evidence to support them, and reference to him being by consent, and covering the law and facts in the case.[1]

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

Clifford L. Anderson, for appellant.

P. H. Brewster and Saunders McDaniel, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. On December 19, 1895, the appellant filed a petition against the appellee, I. Y. Sage, and J. W. Lambert in the superior court of Fulton county, Ga., in which he alleged he owned certain real estate. He further alleged that the appellee, said I. Y. Sage, and J. W. Lambert had taken possession of a portion of said property. He further alleged that Gray street was extended north from D'Alvigny street to the south line of a certain D'Alvigny strip, and east therefrom to a 30-foot street, running along the west side of the right of way of W. & A. Railroad to North avenue, said Gray street being 60 feet wide, and the defendants had excavated the north extension of Gray to a point 35 feet south of the northeast corner of lot 3, and its entire length east, from the north extension to the 30-foot street, thus destroying said street, in which he had and claimed an easement, and the fee of the east extension of Gray street. These were the material allegations of the original petition. The answer of the defendants denied that Murphy had any title to the land he claimed had been excavated, and denied the existence of the alleged streets. On a hearing before the judge the appellee, being dissatisfied with the decision, appealed the case to the supreme court, and that court affirmed the decision of the lower court. The appellant in the state court amended his petition, and alleged that there existed a street across the W. & A. Railroad to Marietta street from his property, and the defendants had laid tracks across the same, and that the land-lot line between land lots Nos. 81 and 82 was not 185 feet north of D'Alvigny street, but was some 20 feet further north. The case coming on for trial in the state court, appellant dismissed his suit as to I. Y. Sage and Lambert, whereupon the appellee removed it into the circuit court of the United States for the Northern district of Georgia. The cause in that court was referred by consent to a special master, with full power to adjudicate all questions of law and fact. The special master made a report, to which the appellant filed exceptions as follows:

"First. That the master erred in finding that the plaintiff has no right or title or interest in and to the D'Alvigny strip, which has been graded or is in

---

[1] See Appeal and Error, vol. 3, Cent. Dig. § 3998.

use or occupied by the tracks of the defendant railway company, and is entitled to no damages on that account. Plaintiff says that said rulings and findings of the master is error; that he should have found, as alleged in the pleadings of the plaintiff, that the plaintiff did have a right, title, and interest in and to a part of the D'Alvigny strip, which has been graded, and is in use or occupied by the tracks of the defendant railway company, as alleged in said petition of plaintiff, and he is entitled to damages on account thereof, as alleged in said petition, and that said position of the plaintiff is sustained by the evidence before the master, and that the master's findings in this part of the case was not supported by the evidence adduced upon the trial of said case before him.

"Second. Plaintiff says that the master erred in his rulings and findings set out in paragraph two thereof. Plaintiff says that defendant railroad company had taken possession of all that part of lot described in his petition, and that the evidence adduced upon the trial of said case shows that the defendant had graded and taken possession of that portion of said lot described in said pleadings, and that the same was damaged in a much larger sum of money than found in his favor by the master in said paragraph of said findings, to wit, in the sum alleged in his petition, and that the evidence bore out this theory of the plaintiff's case; therefore finding No. 2 of the master was error.

"Third. Plaintiff says that the master erred in his findings in paragraph three thereof, by finding that the plaintiff had no right or title to any way, street, or road across the defendant railway company's tracks between the north extension of Gray street and the present location of North avenue, as it is extended across said railway tracks. Plaintiff says he never did claim in his pleadings any right to a street running on the north extension of Gray street to any point on North avenue, but he did claim in his pleadings, and sustained by evidence, that he had a right of way to use a sixty (60) foot street on the east extension of Gray street, and extending from the north end of the north extension of Gray street east, crossing the tracks of the Southern Railway Company and the Western & Atlantic R. R. and Marietta, through the woodyard of Randall. Plaintiff further excepts to the finding in said paragraph three, subparagraph 'a,' and says that said finding is error, and that the north and east extension of Gray street about D'Alvigny street were and are public streets in the legal sense, and that plaintiff, as a member of the public, and as owning property abutting on said street, has a right, title, and interest therein, and an easement therein, and that the evidence adduced upon the trial of said case entitled him to a finding in his favor upon this point in the case, and does not sustain the master's finding upon this point in the case. Plaintiff says that the finding of the master, to wit, that the plaintiff had no right to an easement, was error; that he has a right of easement in said street, and a right to have same kept open.

"Plaintiff says the court erred in not holding that he should have a permanent injunction against the defendant preventing it from using the east extension of Gray street, as prayed for in the petition; that an amendatory injunction should have been issued requiring the defendant company to remove its tracks from the east extension of Gray street. Plaintiff further excepts to the findings of the master, and says the master should have found that the land-lot line was twenty feet north of the point where he found it was located, and as set out in plaintiff's petition. The evidence justified such a finding, and the master found contrary to the evidence when he found the land-lot line was located as claimed by the defendant.

"Plaintiff further excepts to the master's report; says that the court erred in not giving him damages against the defendant for cutting the dirt from Gray street and destroying its usefulness to this plaintiff as a street.

"Plaintiff further says he had a right to the use of said street by reason of the deeds under which he held lots No. 3, No. 4, No. 5, and No. 6 of the Loyd property, and that he had the right to the use of said street because the same had been dedicated to the public and accepted by the public, and it constituted one of the easements to this said property; that the evidence in said case justified this position and the findings of the master was contrary, and is error.

"Plaintiff says the master erred in finding that the east extension of Gray street was never graded and worked up by the public, and that finding of master was contrary to evidence."

On these and other exceptions the court, on January 17, 1900, rendered an opinion, and therein decided "all exceptions of both parties will be overruled and a decree entered confirming the report of the special master." On the 17th day of December, 1901, a formal decree was entered as follows:

"On the 17th day of January, 1900, came on to be heard the exceptions of complainant and defendant to the report of the special master, filed herein on the 13th day of February, 1899, and the same were argued by counsel for complainant and defendant, respectively; whereupon, upon considering thereof, because it is the opinion of the court that such is the law, it is ordered, adjudged, and decreed by the court that the exceptions of the complainant be, and the same are hereby, each and all overruled and denied; that the exceptions of the defendant be and the same are each and all hereby overruled and denied; that the report of the special master in said cause be and the same is hereby confirmed as to each and all of the findings, both of fact and law therein set forth, and said report in its entirety made a part of this decree. This decree is rendered conformably to the opinion of the court filed on the 17th day of January, 1900. This 17th day of December, 1901."

And thereon the appellant brought the case here, assigning errors on the lines of his exceptions to the special master's report. The evidence taken before the master on which the findings of law and fact are based is voluminous and conflicting. On inspection of the appellant's exceptions to the report of the special master, we see that there is no particular evidence, nor particular finding of fact of the master cited to sustain any exception made; but in each instance, to sustain the exception, the court below was referred, and this court is referred, to the entire evidence reported. As to the insufficiency of the exceptions filed in the court below, see Harding v. Handy, 11 Wheat. 103, 6 L. Ed. 429; Farrar v. Bernheim, 21 C. C. A. 264, 75 Fed. 136. Further, we hold that, as the reference was by consent and covered the law and the facts in the case, and as the evidence is conflicting, and there is some evidence to support every finding of the special master, his finding of the facts is conclusive. See Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Davis v. Shwartz, 155 U. S. 631, 15 Sup. Ct. 237, 39 L. Ed. 289.

On the facts as found by the special master, the decree of the circuit court (99 Fed. 469) is correct, and the same is affirmed.